UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHRISTOPHER HICKEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:18-CV-069 JD-MGG |
| vs. | ) | |
| | ) | |
| BILL DOOLAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Christopher Hickey, a *pro se* prisoner, filed a complaint arising from his October 21, 2016, arrest. ECF 1. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive

dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Upon review, his complaint is unduly vague and does not adequately set forth his claims. It can be discerned that Hickey's claims arise from being arrested by Officer Chad King based on an expired warrant. Hickey alleges that the warrant should not have appeared active in the arresting officer's database. However, Hickey does not allege that the officer knew or had any reason to know that the warrant was not valid at the time of the arrest. *See Juris v. McGowan*. 957 F.2d 345, 350, (7th Cir. 1992) ("Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation."). Thus, he has not plausibly alleged a claim against Officer King for false arrest.

Hickey also complains that Officer King twisted his arm during the arrest. He may be alleging that King used excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered. *Id.*

The court is unable to weigh these factors here due to the gaps in Hickey's account. He does not explain enough detail of what transpired between him and Officer King that led to the officer's use of force. He does not address whether the use of force was legitimate or whether there was a need for that application of force. At this point, Hickey has simply alleged that Officer King twisted his arm at some point during the arrest. Without more information about the circumstances surrounding this interaction, he has not stated a plausible excessive force claim.

Next, Hickey brings suit against Sheriff Bill Dooland as Officer King's supervisor. But there is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, he has not stated a claim against the Sheriff.

Next, Hickey sues the state judge and two prosecutors who were involved in his state criminal case. Hickey blames them for not cancelling his arrest warrant. These claims cannot proceed. The judge and prosecutors are entitled to immunity for their actions taken in Hickey's criminal case, even if Hickey believes they acted improperly. "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation marks, footnote, and citation omitted). "In initiating a

prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)). This immunity extends to applying for and cancelling an arrest warrant, because it is part of the prosecutor's role as advocate. *Thomas v. City of Peoria*, 580 F.3d 633 (7th Cir. 2009) (distinguishing a prosecutor's role in filing affidavits in support of an arrest warrant from applying for an arrest warrant).

Next, Hickey alleges Vicki Cooley, the Starke County Clerk, "did not follow through with cancelling warrants." ECF 1 at 3. Hickey does not allege that Cooley refused to cancel his outstanding warrant. He does not even allege that Cooley had any personal knowledge of the warrant. Instead, he alleges only that the warrant should have been cancelled and Cooley, as the elected official in charge of the office, did not do it. However, "[s]ection 1983 claims cannot be founded on negligence." *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). The complaint does not allege, nor are there facts which would allow the court to plausibly infer, that she intentionally prevented the cancellation of the warrant. Thus, the complaint does not state a constitutional claim against Cooley.

Next, Hickey alleges claims against "John & Jane Doe(s) whom might be at fault at a later date who are at this time unknown." ECF 1 at 3. However, these unnamed

4

defendants must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Finally, Hickey names Phil Clerry, Assistant Commander of the Starke County Jail, as a defendant. However, it is unclear why he did so as his name does not appear anywhere in the body of the complaint. Thus, Hickey has not plausibly alleged any claims against Clerry.

While the complaint does not state a claim against any defendant, Hickey will be afforded an opportunity to file an amended complaint if he can cure the deficiencies noted above. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013). In any amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the conditions he describes, providing as much detail as possible.

For these reasons, the court:

(1) GRANTS Mr. Hickey to and including June 25, 2018, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on May 31, 2018

                                                                   /s/ JON E. DEGUILIO
                                                                Judge
                                                                United States District Court